Citation Nr: 1702639 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 11-06 255 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUE

Entitlement to service connection for a bilateral eye disability.

(The issue of entitlement to service connection for asbestosis is addressed in a separate decision.)


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

M. G. Mazzucchelli, Counsel


INTRODUCTION

The Veteran served on active duty from January 1965 to January 1969.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas.

A hearing was held in August 2012 before the undersigned. The hearing included testimony of the issues of service connection for bilateral eye disability, hearing loss, and posttraumatic stress disorder.

In a September 2014 decision, the Board, in pertinent part, remanded the issue of entitlement to service connection for a bilateral eye disability for further development. The Board also denied the claim for service connection for bilateral hearing loss and remanded the claim for service connection for PTSD; the RO subsequently granted service connection for PTSD in a January 2015 rating decision.

In September 2016, the Board remanded the case for further development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Unfortunately, the case must again be remanded as the Board's previous remand instructions were not completely followed.
A remand by the Board confers on a veteran, as a matter of law, a right to compliance with the remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. If the Board proceeds with final disposition of an appeal, and the remand orders have not been complied with, the Board itself errs in failing to ensure compliance. Stegall v. West, 11 Vet. App. 268, 271 (1998). Once VA undertakes the effort to provide a medical examination or opinion, it must provide an adequate one. Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007).

The previous remand noted that the Veteran was afforded a VA eye examination in November 2008. The examiner stated that he reviewed the claims file and provided diagnoses of glaucoma and pseudophakia. The examiner stated that the eye condition documented in the 1968 service treatment record was the need for refraction (glasses), and therefore, the glaucoma is not the result of the eye condition noted in the medical records. 

As noted in the previous remand, the November 2008 VA medical opinion was inadequate for adjudicatory purposes because the examiner provided a conclusion but no rationale with regard to the etiology of the Veteran's glaucoma, and he provided no opinion at all with regard to the pseudophakia. Additionally, the November 2008 eye examination demonstrated that the Veteran also has refractive error. A June 1968 service treatment record documents the Veteran's complaint of pain in both eyes which he described having had for the past 3 years. The Veteran was noted to have visual acuity of 20/70 for each eye, no apparent muscle imbalance, and refraction was recommended. The Veteran's January 1965 entrance examination documented 20/20 vision for each eye. 

A refractive error is considered a congenital or developmental abnormality and, by itself, is not a compensable disability. See 38 C.F.R. § 3.303 (c), 4.9. However, congenital or developmental conditions, if subjected to a superimposed disease or injury, may be service connected for additional disability. See VAOPGCPREC 82- 90, 55 Fed. Reg. 45711 (1990). At the Board hearing, the Veteran testified that he had never needed eyeglasses until he joined the service, and that he believes going through gas chambers in firefighting school and his four years of service caused his eye problems.

The Board remanded the case in September 2014 to obtain a more thorough examination of the Veteran's eyes. 

On VA examination in December 2014, the examiner noted that the Veteran was a 

70 y/o with glaucoma that was found ~1985 and treated with drops. His control was not good and he had trabeculectomy in both eyes. He had cataract surgery in the early 2000's and has done well. His glaucoma was noted to be out of control when he was first seen at the L.R. VA in 2014 and laser treatment was done to the left eye last week. He was found to have diabetes about 3 years ago and is only fair control on pills. 

His glaucoma is not related to any inservice activities and is not caused by his diabetes, which was found 26 years later. His cataracts were more likely than not age related.

As noted on the previous remand, the December 2014 examiner did not provide an opinion as to whether there was any superimposed disease or injury during service affecting the Veteran's visual acuity, nor was there specific discussion of the inservice exposure to gas and gas chambers. 

The Board again remanded the case in September 2016 to obtain a more thorough examination of the Veteran's eyes. 

On VA examination in December 2016, the examiner stated that the Veteran "did not have diabetic retinopathy. His glaucoma was not caused by his diabetes. Diabetes is a risk factor for glaucoma, but he developed the glaucoma 20 years before he was noted to have diabetes. His cataracts were age related as noted in 2004."

Again, despite the specific request by the Board that the examiner address the Veteran's history and contentions, the December 2016 examiner did not provide an opinion as to whether there was any superimposed disease or injury during service affecting the Veteran's visual acuity, nor was there specific discussion of the inservice exposure to gas and gas chambers. 

The Board thus finds that the eye examination obtained upon remand is also inadequate, and a new opinion must be sought. Barr, supra; Stegall, supra.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an examination with an appropriate VA medical professional to determine the nature and etiology of any eye disability. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The electronic claims file should be made available and reviewed by the examiner in conjunction with conducting the examination. Thereafter, the examiner must address the following: 

(a) Identify any eye disabilities present at any time during the appeal period (January 2008 to present).

(b) For each bilateral eye disability diagnosed, opine as to whether or not such is a refractive error or a congenital or developmental defect.

i) For each eye disability that is found to be refractive error or a congenital or developmental defect, provide an opinion as to whether it was subject to a superimposed disease or injury during service, and if so, describe the resultant disability.

ii) For each eye disability that is not found to be a refractive error or a congenital or developmental defect, provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the disability arose during or is otherwise related to any incident of service, to include exposure to gas and gas chambers during firefighting school.

(The term 'at least as likely as not' does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of conclusion as it is to find against it.)

The examiner must include in the examination report the rationale for any opinion expressed. However, if the examiner cannot respond to the inquiry without resort to speculation, he or she should so state, and further explain why it is not feasible to provide a medical opinion.

2. Then, readjudicate the claim of entitlement to service connection for an eye disability. If the benefit sought on appeal remains denied issue a supplemental statement of the case and return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).